RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9 / 17 / 12
      JOB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LAVELLE T. TULLIS

                              DOCKET NO. 1:10-cv-00807

VERSUS

                              JUDGE DEE D. DRELL
                              MAGISTRATE JUDGE JAMES D. KIRK

SHIVANI NEGI, ET AL.

<u>REPORT AND RECOMMENDATION</u>

Before the court is a motion to dismiss (Doc. 52)[1] filed by defendants, Dr. Shivani Negi (Negi), Dr. Hollis Reed (Reed), Barbara Watkins (Watkins) and the United States of America (USA) which was referred by the district judge for Report and Recommendation. Plaintiff, Lavelle T. Tullis ("Tullis"), filed several memoranda in opposition (Doc. 56, 64, 65 and 75). Defendants filed a supplement memorandum in support (Doc. 77) on July 6, 2012 and Tullis filed his opposition thereto on July 26, 2012 (Doc. 80). As the briefing period has closed, the matter is currently before me for consideration.

<u>Factual Background</u>

On April 20, 2010, Lavelle T. Tullis (Tullis) and several other *pro se* plaintiffs filed a lawsuit against defendants alleging violation of their constitutional rights and seeking monetary

---

[1] The original motion (Doc. 52) was filed April 15, 2012. Defendants sought to substitute the document on July 2, 2012 as the wrong memorandum in support was inadvertently filed. The motion was granted and the memorandum in support found at docket entry 52-2 was substituted with the memorandum found at 71-2 (Doc. 76).

damages (Doc. 1). Specifically, they alleged that a conspiracy existed between the three defendants to cover up alleged maltreatment of patients at the Veteran's Affairs Hospital by Dr. Negi.

Tullis also alleged, on his own behalf, that the defendants conspired to prevent him from obtaining both Ativan which was prescribed to treat his Post Traumatic Stress Disorder with a cardiac dysrhythmia component (PTSD) and mental health care from the Alexandria VA Mental Hygiene Department (mental health clinic).

### Motion to Dismiss

Lack of subject matter jurisdiction may be raised as a defense by a party. Fed.R.Civ.P. 12(b)(1). If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3). Pursuant to Rule 12(b)(1), a party may obtain dismissal of a claim for lack of subject matter jurisdiction. When considering a Rule 12(b)(1) motion however, the court must "view all of the facts in a light most favorable to the plaintiff." Ambraco, Inc. V. Bossclip B.V., 570 F.3d 233, 237-38 (5th Cir. 2009), quoting Ginter ex rel. Ballard v. Belcher, Prendercrast & Laporte, 536 F.3d 439, 441 (5th Cir. 2008). Generally, when the complaint states a "cognizable federal claim, dismissal for want of jurisdiction is disfavored as a matter of policy" and "is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible

foundation or which is clearly foreclosed by a prior Supreme Court decision." Young v. Hosemann, 598 F.3d 184, 188 (5th Cir. 2010), quoting Bell v. Health-Mor, 549 F.2d 342, 344 (5th Cir. 1977). Nonetheless, the party asserting jurisdiction bears the burden of proof on a motion to dismiss. Davis v. United States, 597 F.3d 646, 649 (5th Cir. 2009).

Law and Analysis

Federal Torts Claims

It is still unclear whether Tullis intended to file a claim pursuant to the Federal Torts Claim Act (FTCA). 28 U.S.C. §2671, et seq. While he specifically objected to the categorization of any of his claims as medical malpractice, he mentioned the Federal Torts Claim Act on several occasions.

Under the FTCA, a claimant must give notice to the proper federal agency before he can file suit for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. Defendants argue in their motion that Tullis' FTCA claims must be dismissed as he failed to exhaust his administrative remedies. Tullis neither objects to the contention nor asserts any argument or evidence to indicate otherwise. Accordingly, any FTCA claims are barred due to his failure to exhaust.

Bivens

Defendants contend that Tullis' claims under Bivens[2] should be dismissed as they are untimely.  Bivens actions are governed by Louisiana's one year prescriptive period.  La.C.C. art 3492; Wilson v. Garcia, 471 U.S. 261 (1985); McGregor v. LSU Bd. of Supervisors, 3 F.3d 850, 864 (5th Cir. 1993, cert. den., 510 U.S. 1131 (1994); Gaspard v. U.S., 716 F2d 1097, 1102 (5th Cir. 1983), cert. den., 466 U.S. 975 (1984).  This prescriptive period commences to run from the date injuries or damages are sustained.  Washington v. Breaux, 782 F.2d 553, 554 (5th Cir. 1986).  The general rule is that prescription does not begin to run until the plaintiff has a reasonable basis to pursue a claim against a specific defendant. Ducre v. Mine Safety Appliances, 963 F.3d 767, 761 (5th Cir. 1992).

Defendants argue that Tullis knew he had a claim against the defendants in 2007 but he failed to file his lawsuit until 2010. Tullis claims he was continuously denied treatment from January, 2007 through June, 2010; thus, there was a continuing tort which tolled the running of prescription.

To allege a continuing tort, a plaintiff must allege both a continuous action and continuous damage.  South Central Bell Tel.

---

[2]  In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. §1983.

Co. v. Texaco, Inc., 418 So.2d 531, 533 (La. 1982). Additionally, "there must be continuous duty owed to the plaintiff and a continuing breach of that duty by the defendant." In re Medical Review Panel for Claim of Moses, 788 So.2d 1173, 1181 (La. 2001)(citations omitted). "[T]he cause of action is not complete and does not accrue until the tortious acts have ceased." Gen. Universal Sys., Inc. v. HAL, Inc., 500 F.3d 444, 451 (5th Cir. 2007).

An examination of the docket confirms Tullis began having trouble obtaining his prescription for Ativan in January, 2007. It also confirms that a request for general outpatient psychiatry submitted by Tullis' primary care physician was denied by the Chief of Psychiatry on May 24, 2007. The evidence further shows that during this time period, Tullis aggressively sought to obtain the care he had been denied. He carefully documented his efforts by recording conversations, going to the medical center with people who could witness the events and consistently complaining to VA physicians so as to create a paper trail in his medical records. As of May 25, 2007, those efforts ceased.

Not a single allegation nor a single piece of evidence exists to show that either Tullis or someone on his behalf made any effort to obtain mental health care between May 25, 2007 and approximately June 24, 2010. The mental health clinic terminated its relationship with Tullis May 24, 2007 and he failed to take any

5

steps to restore his status as a patient until 2010.  Because there was no doctor/patient relationship from May 2007 to June 2010, there was no duty to provide care and no continuous breach of that duty.  Without such, there is no continuing tort and no tolling of prescription.

Tullis was aware of his alleged injury and damages no later than May 24, 2007 and he should have filed suit on or before May 24, 2008.  Accordingly, all <u>Bivens</u> claims should be denied as time barred.

<u>Conspiracy</u>

Tullis is proceeding *in forma pauperis* ("IFP") and pursuant to 28 U.S.C. §1915(e)(2)(B), a case by one proceeding IFP shall be dismissed at any time if:

> (B) the action or appeal—
>
> > (I) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

Tullis contends defendants covered up the fact the mental health clinic initiated a policy to remove all veterans from benzodiazepines as treatment for PTSD.  To set forth a cognizable conspiracy claim under <u>Bivens</u>, Tullis must "establish the existence of a conspiracy and a deprivation of civil rights in furtherance of the conspiracy."  <u>Thompson v. Johnson</u>, 348 Fed.Appx. 919, 922-23

6

(5th Cir. 2009)(internal citations omitted)(discussing civil conspiracy in the context of a Section 1983 action).[3] The blanket assertion set forth in Tullis' complaint does not suffice to set forth a conspiracy claim. There are no specific allegations as to exactly which defendants participated and there are certainly no allegations as to how they carried out the plan. Without more, this claims should dismissed.

Further, to the extent Tullis seeks to challenge the denial of benefits under 38 U.S.C. §511, such claims should also be dismissed for lack of jurisdiction. See, 38 U.S.C. §511; <u>Zusspan v. Brown</u>, 60 F.3d 1156 (5th Cir. 1995).

Conclusion

**IT IS RECOMMENDED** that the defendants' motion to dismiss (Doc. 52) be **GRANTED** and Tullis' case be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that all outstanding motions be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days

---

[3] Section 1983 cases and <u>Bivens</u> cases are analogous. The distinction between the two is that under §1983 the claims are asserted for violations by state officials and <u>Bivens</u> claims are asserted for violations by federal officials.

after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana on this ___ day of September, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE