RECEIVED
NOV 1 6 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---|
| LAVELLE T. TULLIS | CIVIL ACTION NO. 10-807 |
| -vs- | JUDGE DRELL |
| SHIVANI NEGI, et al. | MAGISTRATE JUDGE KIRK |

---

## JUDGMENT

For the reasons contained in the Report and Recommendation (Doc. 83) of the Magistrate Judge, and after independent (de novo) review of the record including the objections filed herein, and concurring with the Magistrate Judge's findings under the applicable law;

IT IS ORDERED that Defendant's Motion to Dismiss (Doc. 52) is GRANTED and Plaintiff's claims are DISMISSED with PREJUDICE.

In so doing, we are mindful of Mr. Tullis' service to the nation and his substantial personal sacrifice as a veteran. Because of that honorable service, we have tried to be as careful and solicitous as possible, and the record should reflect our many attempts to listen carefully to fully understand what Mr. Tullis was asking for, and to determine as honestly as possible what relief, if any, was available to him. Thus, we carefully considered the content of Plaintiff's objections and accompanying exhibits. (Doc. 90). Unfortunately, the "proof" submitted by Plaintiff does not cure the prescribed nature of his claims. They were filed too late to be heard in court, a

problem over which we have no control. Even assuming Plaintiff's appointment with Dr. Delrie on September 8, 2007 could be considered to have resulted in a continuing tortious act, Plaintiff's claims still would have been prescribed on September 8, 2008 which was several years prior to his filing suit on May 10, 2010. (Doc. 90 at p. 5, "Proof 1"). Similarly, the appearance in a photo of a local publication does not constitute legal action sufficient to interrupt prescription. (Doc. 90 at p. 6, "Proof 2"). Thus, even under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), we cannot sustain this legal action–this suit. It may be that Mr. Tullis has additional administrative remedies through the Veterans Administration and nothing in this ruling prevents him from pursuing those. We do wish him well. As observed above, he is to be honored for his service to this nation.

Accordingly, Defendant's Motion to Dismiss (Doc. 52) is GRANTED and Plaintiff's claims are DISMISSED with PREJUDICE. All outstanding motions are DENIED as MOOT.

SIGNED on this 16 day of November, 2012 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT